UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

BRUCE JACKSON,

         Petitioner,

v.

         No. 2:11-cv-145-JMS-MJD

SUPERINTENDENT, Putnamville
  Correctional Facility,

         Respondent.

### Entry Discussing Petition for Writ of Habeas
### Corpus and Denying Certificate of Appealability

For the reasons explained in this Entry, the petition of Bruce Jackson for a writ of habeas corpus must be **denied** and the action dismissed with prejudice. In addition, the court finds that a certificate of appealability should not issue.

### I. The Petition for Writ of Habeas Corpus

On September 30, 1994, Jackson was sentenced to 20 years in prison with 5 years suspended to probation for two counts of robbery, one count of criminal confinement, and resisting law enforcement. A notice of probation violation was filed on March 13, 2007. On May 1, 2008, the trial court found that Jackson violated his probation based on new criminal conduct (for which he had been convicted) and ordered him to serve 3½ years of the 5-year suspended sentence.

The abstract of judgment for the probation revocation does not indicate that it is to run consecutively to the case which served as the basis for the revocation. However, on February 25, 2011, the judgment was amended to reflect that pursuant to Indiana Code § 35-50-1-5(D), Jackson's revocation sentence was required to run consecutively to the sentence imposed for the case which served as the basis for the probation violation.

On March 8, 2011, Jackson filed correspondence with the trial court challenging the amended judgment. A hearing was held on March 10, 2011. At the hearing, the trial court advised Jackson regarding the consecutive nature of his probation violation sentence and scheduled a subsequent hearing at later date. On April 6, 2011, the trial court conducted a hearing regarding the legality of the February 25, 2011, amended probation violation judgment and ruled the amended judgment was valid.

"[W]hen examining a habeas corpus petition, the first duty of a district court . . . is to examine the procedural status of the cause of action." *United States ex rel. Simmons v. Gramley,* 915 F.2d 1128, 1132 (7th Cir. 1990).

> Before considering a petition for habeas corpus on its merits, a district court must make two inquiries-whether the petitioner exhausted all available state remedies and whether the petitioner raised all his claims during the course of the state proceedings. If the answer to either of these inquiries is 'no,' the petition is barred either for failure to exhaust state remedies or for a procedural default.

*Verdin v. O'Leary*, 972 F.2d 1467, 1472 (7th Cir. 1992). In this case, the procedural inquiry is conclusive as to the proper outcome.

Jackson could have filed an appeal from the February 25, 2011, amended probation violation judgment and/or the April 6, 2011, ratification of the validity of that amended judgment. He did not do so. The time within which he could have done so has now expired.

Instead of filing on appeal, Jackson proceeded with the present challenge through his habeas petition signed on May 24, 2011. "[T]he burden is on the petitioner to raise his federal claim in the state court at a time when state procedural law permits its consideration on the merits. . . ." *Bell v. Cone,* 543 U.S. 447, 451 n.3 (2005). The consequence of his failure to file an appeal is that he has committed procedural default. *Resnover v. Pearson,* 965 F.2d 1453, 1458 (7th Cir. 1992) (procedural default "occurs when a claim could have been but was not presented to the state court and cannot, at the time that the federal court reviews the habeas petition, be presented to the state court"), *cert. denied,* 508 U.S. 962 (1993); *Lane v. Richards,* 957 F.2d 363, 366 (7th Cir.) (issues were not presented on direct appeal and relief would be barred by procedural default), *cert. denied,* 113 S. Ct. 127 (1992).

A habeas petitioner may overcome procedural default by demonstrating cause for the default and actual prejudice or by showing that the Court's failure to consider the claim would result in a fundamental miscarriage of justice. *See House v. Bell,* 547 U.S. 518, 536 (2006); *Coleman v. Thompson,* 501 U.S. 722, 750 (1991). The Supreme Court defines cause sufficient to excuse procedural default as "some objective factor external to the defense" which prevents a habeas petitioner from pursuing his constitutional claim in state court. *See Murray v. Carrier,* 477 U.S. 478, 492 (1986); *see also Smith v. McKee,* 598 F.3d 374, 382 (7th Cir. 2010). A fundamental miscarriage of justice occurs when a petitioner establishes that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray,* 477 U.S. at 496; *see also Smith,* 598 F.3d at 387–88.

Jackson has replied to the respondent's return to order to show cause, and in his reply (1) claims that the respondent's procedural default argument should be void "because constitutional defect[s] can't be waived or barred," and (2) alludes to both cause for his procedural default and the possibility of a miscarriage of justice.

The first of these assertions is simply incorrect. The second of these assertions is unsupported by any analysis, any facts, or any discernible basis on which to conclude that Jackson has shown the existence of circumstances permitting him to overcome the consequences of what was quite clearly his procedural default by not appealing issuance of the amended judgment. Additionally, Jackson's simple effort to argue the merits of his habeas petition is not responsive to the doctrine of procedural default this court is compelled to recognize. *Breard v. Greene,* 523 U.S. 371, 375 (1998)("It is the rule in this country that assertions of error in criminal proceedings must first be raised in state court in order to form the basis for relief in habeas. Claims not so raised are considered defaulted.")(citing *Wainwright v. Sykes,* 433 U.S. 72 (1977)).

"[H]abeas corpus has its own peculiar set of hurdles a petitioner must clear before his claim is properly presented to the district court." *Keeney v. Tamayo-Reyes,* 504 U.S. 1, 14 (1992) (O'Connor, J., dissenting) (internal citations omitted). One of these is the doctrine of procedural default. That is the barrier Jackson faces here and he has failed to overcome that barrier. His habeas petition must therefore be **denied.**

Judgment consistent with this Entry shall now issue.

## II. Certificate of Appealability

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the *Rules Governing § 2254* proceedings, and 28 U.S.C. § 2253(c), the court finds that Jackson has failed to show that reasonable jurists would find "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The court therefore **denies** a certificate of appealability.

**IT IS SO ORDERED.**

Date: 07/28/2011

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana