**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**

| | | |
|---|---|---|
| BRUCE JACKSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| v. | ) | No. 2:11-cv-145-JMS-MJD |
| | ) | |
| SUPERINTENDENT, Putnamville Correctional Facility, | ) ) ) | |
| | ) | |
| Respondent. | ) | |

**Entry Directing Treatment of Document**

**I.**

This action for habeas corpus relief brought by state prisoner Bruce Jackson was resolved on July 28, 2011, through the denial of that petition based on Jackson's unexcused procedural default.

On September 8, 2011, the clerk received and filed a 3-page written document from Jackson. That document is not dated, is not signed, and bears no certificate of service on counsel for the respondent. The clerk reasonably docketed this 3-page document as Jackson's letter regarding the dismissal of his case.

In *Gonzalez v. Crosby, 545* U.S. 524 (2005), the Supreme Court held that a state prisoner may not rely on Rule 60(b) to raise a claim in federal habeas proceedings that would otherwise be barred as second or successive under § 2254. "[F]or purposes of [28 U.S.C.] § 2244(b) an 'application' for habeas relief is a filing that contains one or more 'claims.'" *Id.* at 530 (citations omitted). The Court then provided guidance as to when a Rule 60(b) motion advances one or more "claims." *Id.* at 531-32. Specifically,"[a] motion that seeks to add a new ground for relief" advances a claim, as does a motion that "attacks the federal court's previous resolution of a claim on the merits. *Id.* However, "when a Rule 60(b) motion attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings," courts should not construe the motion as a second or successive petition. *See id.*

*Gonzalez* defines "claim" to include a federal habeas court's previous resolution of a claim on the merits.

The 3-page document referenced above contains Jackson's assertions challenging the validity of his convictions and sentence. Arriving after the entry of judgment and given its content, the document must be treated as a new petition for writ of habeas corpus.

II.

Jackson's letter [12] shall be **processed as a new civil action.** The nature of suit code for the new action is 530, and the cause of action is 28: 2254(a). When composing the caption, the *petitioner* is Bruce Jackson and the *respondent* is Jackson's custodian: Superintendent, Putnamville Correctional Facility. A copy of this Entry shall be docketed in the newly opened action.

The assignment of judicial officers in the newly opened action shall be by random assignment.

**IT IS SO ORDERED.**

Date: 09/14/2011

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

Bruce Jackson
#945796
Putnamville Correctional Facility
1946 West U.S. 40
Greencastle, IN 46135-9275

Henry A. Flores, Jr.
INDIANA ATTORNEY GENERAL
Henry.flores@atg.in.gov

Note to Clerk: Processing this document requires actions in addition to docketing and distribution.